UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDA MILCHAMOT,

                        Petitioner,

-against-

CHIEF, BRONX DISTRICT ATTORNEY,

                        Respondent.

24-CV-9295 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Petitioner, who is currently detained on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 challenging his ongoing criminal proceedings, arising from an October 10, 2024 arrest, in New York Supreme Court, Bronx County, and in the Bronx Criminal Court. By order dated December 11, 2024, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court denies the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

       The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this Section 2254 petition challenging his ongoing criminal proceedings in the Bronx County Supreme Court and in the Bronx Criminal Court. Petitioner alleges that "all documents in this case are false, fictious, and created by this Bronx District Attorney Office and the Unified Court System along with the New York City Department of Corrections."[1] (ECF 1, at 1.) He also alleges that "there is no 'True Bill of Particulars' in this matter." (*Id.*)

Petitioner asserts two grounds for relief. First, he claims that the District Attorney's Office, his criminal defense lawyer, and the New York State Unified Court System "are all in a conspiracy to railroad the 'allege defendant.'" (*Id.* at 5.) In support of this ground, he argues that "they have a 'allege victim' who is a l[y]ing crackhead who has been working my old drug dealing boss 'Evell Lewis.'" (*Id.*) Ground two concerns the alleged suppression of evidence in Petitioner's criminal cases. He claims that "there is absolutely no evidence in this case." (*Id.* at 7.)

Petitioner requests that his criminal cases be transferred to this court, and he seeks to file a motion to dismiss the indictment, a motion to represent himself *pro se*, a motion to suppress evidence, an omnibus motion, and a motion for pretrial hearings.

---

[1] Petitioner uses irregular capitalization. For readability, the Court uses standard capitalization. All other spelling, grammar, and punctuation are as in the original unless noted otherwise.

In addition to filing this Section 2254 petition, Petitioner also filed a notice of removal, seeking to remove his criminal case to this court.[2] *See People of New York v. Milchamot*, ECF 1:24-CV-9296, 1 (S.D.N.Y. Dec. 16, 2024). On December 16, 2024, Petitioner's case was remanded to state court.

## DISCUSSION

The Court denies this Section 2254 *habeas corpus* petition and declines to construe the petition as brought under 28 U.S.C. § 2241.

**A.    Section 2254**

The Court denies Petitioner's Section 2254 petition because Section 2254 does not apply in cases where a defendant has not been convicted. Section 2254 is the proper vehicle to challenge a state court conviction when the petition is brought by an individual who is in custody pursuant to a judgment of conviction. *See* 28 U.S.C. § 2254(a) (federal courts have jurisdiction to hear a Section 2254 petition filed on "behalf of a person in custody pursuant to the judgment of a State court"). Because a judgment of conviction has not been entered in either of Petitioner's cases, Petitioner cannot challenge his criminal proceedings in a Section 2254 petition.

Moreover, before Petitioner can seek federal *habeas* relief, in addition to being in custody pursuant to a judgment of conviction, Petitioner first must exhaust all available state remedies. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982).

**B.    Section 2241**

The Court declines to construe this petition as a *habeas corpus* petition brought under Section 2241, which is the proper vehicle to challenge the constitutionality of pretrial detention. *See, e.g.*, *Taylor v. New York City*, No. 20-CV-5036 (MKV), 2020 WL 4369602, at *1 (S.D.N.Y.

---

[2] Petitioner did not identify the criminal case he sought to remove.

July 30, 2020) (construing claim by pretrial detainee seeking release due to COVID-19 exposure as arising under Section 2241 (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 494-95 (1973))).

First, Petitioner does not allege any facts suggesting that he exhausted his state court remedies before filing this petition. Exhaustion of state court remedies is required under Section 2241. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). Because Petitioner was arrested on October 10, 2024, it is clear from his submission that he did not exhaust all available state court remedies.

Second, even if Petitioner did exhaust his remedies before filing this action, he does not state any facts suggesting that this Court should intervene in his ongoing criminal proceedings. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). Petitioner has alleged no facts showing bad faith, harassment, or irreparable injury with respect to his pending state court criminal cases. Rather, he makes conclusory assertions regarding participants in the state court proceedings and seeks to litigate his criminal cases in federal court

4

rather than state court. Neither his assertions nor his desire to defend himself in federal court is sufficient to support federal intervention in a pending state court criminal matter.

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice. The Court declines to construe the petition as brought under 28 U.S.C. § 2241.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court directs the Clerk of Court to terminate the "notice to dismiss indictment" (ECF 6) as moot.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   January 13, 2025
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge