UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDAH MILCHAMOT,

                Petitioner,

    -against-

CHIEF, BRONX DISTRICT ATTORNEY,

                Respondent.

24-CV-9295 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner Yehudah Milchamot brought this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his ongoing criminal proceedings in Bronx County, New York. By order dated January 13, 2025, the Court denied the petition without prejudice and declined to construe the petition as brought under 28 U.S.C. § 2241. The Court dismissed the action, and the Clerk of Court entered judgment on January 28, 2025.

    On February 10, 2025, the Court received from Petitioner a motion for reconsideration, challenging the Court's January 13, 2025 order denying the petition. Petitioner argues that he has the right to challenge his detention and cites to New York State statutes governing state *habeas corpus* proceedings.

    The Court liberally construes this submission as a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (The solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant

understands what is required of him") (citations omitted). After reviewing the arguments in Petitioner's submission, the Court denies the motion.

## DISCUSSION

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). Where a petitioner challenges the denial of a post-conviction petition in a motion brought under Rule 60(b), "relief . . . is available . . . only when the Rule 60(b) motion attacks the integrity of the . . . *habeas* proceeding rather than the underlying criminal conviction." *Harris v. United States*, 367 F.3d 74, 77 (2d Cir. 2004). A motion based on reasons (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The Court has considered Petitioner's arguments, and even under a liberal interpretation of his motion, Petitioner has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Petitioner seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to

warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Petitioner has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). His challenges to his ongoing criminal proceedings must be advanced in those proceedings where Petitioner is represented by counsel. While Petitioner is correct that he can file a state writ of *habeas corpus*, such a filing must be made in the appropriate state court. Because this court is a federal court, Petitioner can only file a federal writ of *habeas corpus* here. As the Court discussed in its January 13, 2025 order, before Petitioner may file a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, he first must exhaust all available state court remedies. For these reasons, the Court denies Petitioner's motion for reconsideration.

## CONCLUSION

Petitioner's motion for reconsideration (ECF 16) is denied.

This matter is closed in this court. The court will only accept for filing documents that are directed to the United States Court of Appeals for the Second Circuit. If Petitioner files other documents that are frivolous or meritless, the Court may direct Petitioner to show cause why Petitioner should not be barred from filing further documents in this action.

Because the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 14, 2025
        New York, New York

                                            /s/ Laura Taylor Swain
                                               LAURA TAYLOR SWAIN
                                           Chief United States District Judge