UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YEHUDA MILCHAMOT,

               Petitioner,

-against-

CHIEF, BRONX DISTRICT ATTORNEY,

               Respondent.

24-CV-9295 (LTS)

ORDER

LAURA TAYLOR SWAIN, United States District Judge:

      By order dated January 13, 2025, the Court denied Petitioner's petition for writ of *habeas corpus*, filed under 28 U.S.C. § 2254, and the Clerk of Court entered judgment on January 28, 2025. Thirteen days later, on February 10, 2025, the Court received Petitioner's motion for reconsideration, dated January 21, 2025. On February 14, 2025, the Court construed the motion as filed under Rule 60(b) of the Federal Rules of Civil Procedure and denied the motion. The Clerk of Court entered the Court's February 14, 2025 order on February 20, 2025.

      On February 19, 2025, the Court received Petitioner's notice of appeal and a motion for an extension of time to file an appeal. Because Petitioner's notice of appeal is timely, the Court denies the motion for an extension of time to file the appeal as unnecessary.

## DISCUSSION

      A party normally has 30 days from the entry date of a civil judgment to file a timely notice of appeal. *See* Fed. R. Civ. P. 4(a)(1)(A). When a party files a Rule 60(b) motion within 28 days of the entry of the civil judgment, the time to file a notice of appeal runs from the entry date of the order disposing of that motion. *See* Fed. R. App. P. 4(a)(4)(A)(iv), (vi). Here, the Clerk of Court entered the Court's order denying Petitioner's Rule 60(b) motion on February 20, 2025, and the 30-day period for Petitioner to file a notice of appeal began to run on that date. *See*

Fed. R. App. P. 4(a)(4)(A). As the Court received Petitioner's notice of appeal on February 19, 2025, well within the time to file a notice of appeal, the notice of appeal is timely. Accordingly, the Court denies Petitioner's motion for an extension of time to file a notice of appeal as unnecessary.

## CONCLUSION

The Court denies Petitioner's motion for an extension of time to file a notice of appeal (ECF 18) as unnecessary.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 24, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                        Chief United States District Judge